```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION

VICTOR ARGANDONA,                 )
                                  )
          Plaintiff               )
                                  )
     v.                           )    Case No. 2:06 cv 259
                                  )
LAKE COUNTY SHERIFF'S             )
DEPARTMENT, GUY MIKULICH, both    )
individually and in his           )
capacity as a Lake County         )
Sheriff's Department Officer      )
and LAKE COUNTY, INDIANA,         )
                                  )
          Defendants              )
```

OPINION AND ORDER

This matter is before the court on the Motions to Dismiss filed by the defendant, Lake County Sheriff's Department, on August 12, 2006 (DE 9) and January 28, 2007 (DE 25), and the Motion to Dismiss filed by the defendant, Lake County, Indiana, on September 13, 2006 (DE 13). For the reasons set forth below, the Lake County Sheriff Department's Motions to Dismiss are **DENIED**, and Lake County, Indiana's Motion to Dismiss is **GRANTED**.

Background

According to the allegations in the complaint, on June 14, 2006, Guy Mikulich, a Lake County Police Officer, ordered the plaintiff, Victor Argandona, to stop his vehicle. (Pl. Am. Comp. ¶ 6) After Mikulich stopped Argandona's vehicle, Mikulich physically battered Argandona and prevented others from interfering by stating that he was conducting "police business." (Comp. ¶¶ 6, 8) Eventually, the East Chicago Police Department arrived at the

scene and stopped the attack.  (Comp. ¶ 9)

Following this incident, Argandona was treated at St. Catherine's Hospital for lacerations over his left eye, broken ribs, and a broken tooth. (Comp. ¶ 11)  Mikulich also filed charges of resisting arrest against Argandona. (Comp. ¶ 12)

On September 14, 2006, Argandona filed an Amended Complaint, bringing a cause of action under 42 U.S.C. §1983 (Count I) and state law claims sounding in negligence, battery, and false arrest (Count II).  (Comp. ¶¶ 1, 41, 42, 44)  Argandona alleges that Mikulich violated his Fourth Amendment rights because Mikulich's actions constituted an unreasonable seizure.  (Pl. Am. Comp. ¶ 17) He also alleged that Lake County, through the Lake County Sheriff's Department, failed to train Mikulich properly and was aware of his propensity for using unreasonable force. (Comp. ¶¶ 19, 20)

The Lake County Sheriff's Department has moved to dismiss the charges against it because it is not a suable entity under §1983. (Department Mot. to Dism. p. 3) Lake County contends that, through its County Commissioners, it does not control the Lake County Sheriff's Department and its officers and consequently cannot be liable for the tortious conduct of the Sheriff's Department and its officers.  (County Mot. to Dism. p. 2) In effect, both municipal defendants are alleging that they are not responsible for any misconduct by a Lake County employee.

<u>Discussion</u>

In ruling on a Rule 12(b)(6) motion to dismiss, a court must follow

> the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  (footnote omitted)
>
> *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957)

See also *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). This court must "accept the well-pleaded allegations of the complaint as true," *Albright v. Oliver*, 510 U.S. 266, 268, 114 S.Ct. 807, 810, 127 L.Ed.2d 114 (1994).  See also *H.J., Inc. v. Northwestern Bell Telephone Company*, 492 U.S. 229, 249-50, 109 S.Ct. 2893, 2906, 106 L.Ed.2d 195 (1989); *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59, 65 (1984); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Harrell v. Cook*, 169 F.3d 428, 431 (7th Cir. 1999); *Canedy v. Boardman*, 16 F.3d 183, 188 (7th Cir. 1994), and "draw all reasonable inferences in the light most favorable to the complaint." *Crenshaw v. Baynerel*, 180 F.3d 866, 868 (7th Cir. 1999).

In order to escape dismissal

> a plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action.
>
> *Marmon Group, Inc. v. Rexnord, Inc.*, 822 F.2d 31, 34 (7th Cir. 1987) *quoting Doe v. St. Joseph's Hospital*, 788 F.2d 411, 414 (7th Cir. 1986)

3

To prevail a defendant "must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Gomez v. Illinois State Board of Education*, 811 F.2d 1030, 1039 (7th Cir. 1987).

The Lake County Sheriff's Department seeks dismissal of all claims against it on the sole basis that "a Sheriff's department is not a legal entity" and consequently, cannot be sued. In support, the department relies primarily on *Jones v. Bowman*, 694 F.Supp. 538 (N.D. Ind. 1988), which concluded that the Elkhart, Indiana Sheriff's Department was not subject to a §1983 claim. *Jones*, 694 F.Supp. at 544. The court in *Jones* reached this conclusion solely by analogy to the relationship between a city and its police department. *Jones*, 694 F.Supp. at 544 *(citing Boren v. City of Colorado Springs*, 624 F.Supp. 474 (D. Colo. 1985); *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)). The court concluded that it could "find no reason why the same conclusion would not apply to a county sheriff's department." *Jones*, 694 F.Supp. at 544.

Other cases, relying on *Jones*, have reached a similar conclusion. In *Slay v. Marion County Sheriff's Dept.*, 603 N.E.2d 877 (Ind. App. 1992), the Indiana appellate court reached this conclusion, with citation also to *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991), a case addressing the status of a Sheriff's Department under Michigan law.

Subsequent to the decisions in each of these cases, the United States Supreme Court decided *McMillian v. Monroe County,*

4

*Alabama*, 520 U.S. 781, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997), and concluded that local government liability under §1983 "is dependent on an analysis of state law." *McMillian*, 520 U.S. at 786, 117 S.Ct. at 1737 (*quoting* *Regents of University of California v. Doe*, 519 U.S. 425, 429 n.5, 117 S.Ct. 900, 904 n.5, 137 L.Ed.2d 55 (1997))("The federal question can be answered only after considering the provision of state law that define the agency's character."). The Supreme Court recognized that the decision undermined the ability to make cursory national comparisons of local government agencies when addressing liability under §1983:

> But while it might be easier to decide cases arising under §1983 and *Monell* [436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)] if we insisted on a uniform, national characterization for all sheriffs, such a blunderbuss approach would ignore a crucial axiom of our government: the States have wide authority to set up their state and local governments as they wish. Understandably, then, the importance of counties and the nature of county government have varied historically from region to region. Thus, since it is entirely natural that both the role of sheriffs and the importance of counties vary from State to State, there is no inconsistency created by court decisions that declare sheriffs to be county officers in one State, and not in another. (internal citations omitted)

520 U.S. at 795, 117 S.Ct. at 1741-42

The conclusion reached in *Jones* lacked any reference to Indiana law regarding the nature of the Sheriff's department. Subsequent decisions rely on the laws of states other than Indiana. Accordingly, these cases do not resolve this matter.

5

When a government agency or department has been found to be a non-suable entity under §1983, it is because the entity is an arm of the state, thereby removing the entity from the definition of a "person" for §1983 purposes. This also implicates the immunity given to states by the Eleventh Amendment. *See* ***Will v. Michigan Deptartment of State Police***, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); ***Ryan v. Ill. Department of Children and Family Services***, 185 F.3d 751, 758 (7th Cir. 1998); ***Fortenberry v. Board of School Trustees***, 149 F.Supp.2d 542, 548 (N.D. Ind. 2000). Conversely, a unit of local government may not lie within reach of § 1983 because the entity has an agency relationship with the municipality and is not separate from the municipality.  *See* ***Fain v. Wayne County Auditor's Office***, 388 F.3d 257, 261 (7th Cir. 2004)(concluding that county auditor's office and county government are the same entity); ***Harrison v. City of Chicago***, No. 05 C 2680, 2005 WL 3542576 at *2 (N.D. Ill. 2005) (dismissing the Chicago Police Department "because it has no separate legal existence apart from the City of Chicago, and the Department therefore is not a suable entity.").

The Lake County Sheriff's Department does not argue that it is an arm of the state for §1983 purposes. Rather, the department seeks dismissal because it has no separate legal existence from Lake County itself. Leaving aside the fact that the County's motion to dismiss is based upon the court reaching the opposite conclusion, Indiana law does not support the department's position.

6

The Lake County Sheriff is an independently elected office established by the Indiana Constitution.  Ind. Const. Art. 6 §2; **Markley v. Walters**, 790 F.Supp 190, 191 (N.D. Ind. 1992) ("Pursuant to Indiana's Constitution, the Grant County Sheriff is an independently elected constitutional office. Consequently, the Grant County Sheriff is answerable to the voting citizens of Grant County, not to the Grant County Council or its council members.")  The duties and responsibilities of a sheriff's department are established by the Indiana State legislature. I.C. §36-2-13-1, *et seq.*; **Donahue v. St. Joseph County**, 720 N.E.2d 1236, 1241 (Ind. App. 1999).  Furthermore, a sheriff's department acts independently of a county board of commissioners. **Donahue**, 720 N.E.2d at 1241.  Because a county has no agency relationship with a sheriff or the sheriff's department, a county cannot be held liable under a *respondeat superior* theory for the actions of a sheriff or a sheriff's department.  **Carver v. Crawford**, 564 N.E.2d 330, 334 (Ind. App. 1990).

Though the department has not made the argument, the court notes that immunity from suit under §1983 does not extend to the sheriff's department, when acting in a law enforcement capacity, on the theory that the department was acting as an arm of the State. According to the Supreme Court's decision in **McMillian**, whether a sheriff acts for the state (and is beyond the reach of § 1983) or for the county (and is subject to a § 1983 claim) is not an "all or nothing" question, but rather it depends on an analysis of the state law in light of the particular conduct

7

challenged in the suit. *McMillian*, 520 U.S. at 785, 117 S.Ct. at 1736; *Killinger v. Johnson,* 389 F.3d 765, 772 (7th Cir. 2004). It is clear that under Indiana law, when a sheriff performs a law enforcement function, he acts on behalf of the county and not the state. *Eversole v. Steele*, 59 F.3d 710, 716 (7th Cir. 1995) (*citing Delk v. Board of Commissioners*, 503 N.E.2d 436, 440 (Ind. App. 1987)).

However, recognizing that the department, in this instance, was not acting on behalf of the state, leaves unresolved the Sheriff's Department's argument that, notwithstanding the lack of agency relationship between the department and the county, it is merely an extension of the county. The Seventh Circuit has faced parallel circumstances in resolving this question under Illinois law. This court agrees that a comparison of the law in each state provides useful guidance in determining the exact status of a sheriff's department under Indiana law. *See Wood v. Marion County Sheriff,* 2005 WL 1528226, *4 (S.D. Ind. 2005)("*McGreal* [368 F.3d 657, 686 (7th Cir. 2004)] was based on Illinois law and this case is based on Indiana law, but the two systems are similar enough that the court finds *McGreal* guiding."). *See also Eversole*, 59 F.3d at 716 n.7. In both states, the sheriff's office is independently established under the state constitution and headed by an independently elected sheriff. *Compare* Ind. Const. Art. 6 §2, *with* Ill. Const. Art. 7 §4. Both Indiana and Illinois have statutes that require the county to pay the Sheriff's salary. *Compare* I.C. §36-2-13-2.5, *with* 55 ILCS §5/4-

6003.  Both states require the county to indemnify the Sheriff for any damages awarded against the Sheriff.  *Compare* I.C. §34-14-4-1, *with* 55 ILCS §5/5-1002.  Furthermore, in Illinois, as in Indiana, county boards cannot be held liable for the actions of a sheriff or sheriff's department under *respondeat superior*.  *Compare* **Franklin v. Zaruba**, 150 F.3d 682, 686 (7th Cir. 1998), with **Crawford**, 564 N.E.2d at 334.

In **Franklin**, the Seventh Circuit confronted the argument that because the DuPage County, Illinois Sheriff was not an agent of the county, the sheriff must be an agent of the state and immune from suit under §1983. The court responded that "this argument overlooks a crucial third possibility that we have found to be dispositive in other cases - namely that the sheriff is an agent of the county sheriff's department." **Franklin**, 150 F.3d at 685 *(citing* **Ryan v. County of Dupage**, 45 F.3d 1090, 1092 (7th Cir. 1995) and **Thompson v. Duke**, 882 F.2d 1180, 1187 (7th Cir. 1989)). The court concluded that "§1983 suits against sheriffs in their official capacities are in reality suits against the county sheriff's department." **Franklin**, 150 F.3d at 686. *See also* **Ruffino v. Sheahan**, 218 F.3d 697, 700 (7th Cir. 2000)(*citing* **Scott v. O'Grady**, 975 F.2d 366, 370 (7th Cir.1992) and Ill. Const. Art. 7, §4(C)) ("In Illinois, the office of the Sheriff as an institutional matter is also ordinarily a suable entity under §1983."); **DeGenova v. Sheriff of DuPage County**, 209 F.3d 973, 977 n.2 (7th Cir. 2000) (noting that "within the sheriff's prescribed range of activity, he and not some legislative-type body is at

9

the apex of the governmental pyramid. Therefore the sheriff's office has a legal existence separate from the county and the State, and is thus a suable entity.").

The Seventh Circuit has applied similar reasoning to an Indiana sheriff's office. See ***Blanton v. State of Indiana***, 1996 WL 407273 at *3 (table at 91 F.3d 146 (7th Cir. 1996)) ("The Marion County Sheriff's Department argues that it is merely a 'vehicle' of Marion County and, therefore, is not a suable entity. However, as this court has noted, Marion County has no authority over officials employed by the Marion County Sheriff's Department. It would follow, then, that a claim for relief from the actions of officials of the Marion County Sheriff's Department would be more appropriately brought against the Sheriff's Department rather than Marion County").

The court concludes that the Lake County Sheriff's Department, when acting in its law enforcement capacity, is neither an arm of the State nor a mere extension of Lake County. Rather, the Department is a separate municipal entity and subject to suit under §1983.

The Sheriff's Department also suggests that it is not a suable entity regarding state law claims. To the extent the Department has presented an argument on this subject, it states that I.C. §36-1-4-3 provides a "unit" of local government in Indiana may sue or be sued and I.C. §36-1-2-23 defines a "unit" of local government as either a "county, municipality, or township." (Mot. p. 3) This argument first reads this provision as

10

though it states "only" a "county, municipality or township" may be sued, and second, ignores the fact that a political subdivision in Indiana is subject to suit. *See* **Porter County Sheriff Department v. Guzorek**, 857 N.E.2d 363, 366 (Ind. 2006); **Hill v. Hupp**, 576 N.E.2d 1320 (Ind. App. 1991)(stating that a sheriff sued in his official capacity is a political subdivision subject to the provisions of the Indiana Tort Claims Notice act.) The department has presented no further argument regarding Argandona's pendent state law claims. Accordingly, the motions to dismiss are **DENIED**.

Defendant Lake County argues it should be dismissed because, under Indiana law, a county does not have control over the acts of the Sheriff's Department and its officers. (County Mot. to Dism. p. 2) Lake County stresses that because it cannot be held liable under a theory of *respondeat superior* for the actions of the Sheriff or Sheriff's Department Officers, that it must be dismissed. (County Mot. to Dism. p. 5)

In his response to Lake County's Motion to Dismiss, Argandona admits that Lake County is not liable for the actions of the Sheriff's Department. Rather, he argues that Lake County is a necessary party because it is responsible for paying any judgment awarded to the plaintiff pursuant to I.C. §34-13-4-1. (Pl. Resp. p. 2) Argandona makes the argument without reference to Federal Rule of Civil Procedure 19 or any case applying the rule regarding necessary parties.

11

The section of the Indiana Code cited by Argandona does not create obligations that require Lake County to remain a defendant in this matter. The section states in pertinent part that when a public employee is subject to civil liability, "the governmental entity . . . shall . . . pay any judgment . . . if . . . the governing body of the political subdivision . . . determines that paying the judgment . . . is in the best interests of the governmental entity."  I.C. §34-13-4-1 (2006)  This section, formerly I.C. §34-4-16.7-1, makes the grant of indemnity voluntary on the part of the governmental entity.  **Kapitan v. City of Gary**, 12 F.3d 678, 680 (7th Cir. 1993); **Moore v. Hosier**, 43 F.Supp.2d 978, 997 (N.D. Ind. 1998).  **Kapitan** further makes clear that this best-interest determination is made by "the entity employing the person who caused the loss." **Kapitan**, 12 F.3d at 681.

Argandona's reliance on this statute is misplaced. First, the application of the statute regards only the indemnification of an *individual* employee. The liability that may arise from Mikulich in his official capacity, or any liability otherwise placed on the Sheriff's Department, is outside the scope of this provision. In addition, the statute requires that a decision to indemnify an employee must be made by the "governing body of the political subdivision." I.C. §34-13-4-1(2)  As the court already has discussed, the Sheriff's Department is a separate entity. Any decision to indemnify Mikulich under this provision necessarily would be made by the governing body of the Sheriff's Department. Further, the provision regards indemnity for acts or omissions

12

that violate the "civil rights laws of the United States." The statute creates no apparent obligation on any political subdivision to indemnify Mikulich from liability he may face under Argandona's state law claims. This indemnity, similar to that described under I.C. §34-13-4-1, is a product of the Indiana Tort Claims Act and also leaves indemnity to the discretion of the governmental entity. *See* I.C. §34-13-3-5(c); **Moore,** 43 F.Supp.2d at 997 ("In fact, the Seventh Circuit held in **Kapitan** that both sections make indemnity voluntary."). Not only do these statutes have limited application to this matter, there is no evidence in the record that Lake County has agreed to indemnification.

Because Argandona has admitted there is no other basis for leaving Lake County in this case, the county's motion to dismiss is **GRANTED**.

_____

For the foregoing reasons, the Motions to Dismiss filed by the Defendant, Lake County Sheriff's Department, on August 12, 2006 and January 28, 2007, are **DENIED**, and the Motion to Dismiss filed by the Defendant, Lake County, Indiana, on September 13, 2006 is **GRANTED.**

ENTERED this 13th day of February, 2007

                              s/ ANDREW P. RODOVICH
                                 United States Magistrate Judge

13